IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RHOADS INDUSTRIES, INC. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | NO. 07-4756 |
| BUILDING MATERIALS CORP. OF AMERICA, | : | |
| et al. | : | |

**MEMORANDUM RE: CLARIFICATION OF MEMORANDUM AND ORDER
DATED NOVEMBER 14, 2008 RE: PRIVILEGE LOGS OF EMAILS**

**Baylson, J.**                                                                                                    **November 26, 2008**

One part of the Court's Memorandum and Order of November 14, 2008 (Doc. No. 118) concluded that any of Plaintiff's privileged documents not placed on a privilege log by June 30, 2008 must be produced to the Defendants, as a sanction for violation of the mandatory requirements of Federal Rule of Civil Procedure 26(b)(5) that privileged materials be disclosed to opposing parties. By letter dated November 19, 2008, Plaintiff's counsel has appropriately requested a clarification of this ruling because of the manner in which some of the privileged material appear in so-called "email chains" or "email strings," i.e., a series of email messages by and between various individuals. Not all of the individual email messages in the string may have been an actual communication with an attorney for the purpose of seeking legal advice – and therefore privileged – and/or may not have appeared on a prior log.

Plaintiff's counsel requested clarification on the following two categories:

1.      The first category: A string of several email messages in which all or some of the earlier email messages were listed on a previous privilege log, but in which the most recent email (often a "reply" or "forward" message, on top of the email string) was not on a previous log.

-1-

Plaintiff believes that a proper reading of the Court's Order requires production of the final, non-logged email, even though it is a privileged communication but allows Plaintiff to redact from production the privileged email messages included in the string that were privilege logged in June 2008.

2. The second category: A string of several emails in which the most recent email (i.e., the one on top of the email string) was privilege logged as of June 30, 2008, and in which all or some of the earlier email messages in the string were not otherwise included on a previous privilege log.

With respect to the second category, Plaintiff believes that a proper reading of the Court's Order allows Plaintiff to retain the email string as privileged, because the final (top) email, with all of the earlier email messages included in the string, was logged as of June 30, 2008.[1]

A recorded telephone conference with counsel was held on November 21, 2008. Defendants submitted a letter brief on November 24, 2008, asking for a procedure that tempers

---

[1] Before addressing this issue, some fundamentals of email communications and the relationship to non-electronic communications are relevant. An email message is nothing more than the electronic equivalent of a letter from one individual to one or more recipients. An email, just as a letter, has a sender, a recipient or recipients, can be carbon copied ("CC'd") to other recipients, has a subject, and contains a message.

One important characteristic of email, apparently not addressed in prior opinions, is that a prior email message can be manipulated. For example, the person receiving an email message can, in replying or forwarding to any person, delete the identity of other senders or recipients, or only include part of the message. In the context of attorney-client privilege, the person receiving a privileged communication may waive the privilege by sending the email to a third party.

If parties were required to redact out the privileged material from the non-privileged material, this could exponentially add to the amount of time and expense spent in preparing a document production and privilege log. Redaction may be difficult where it is unclear where the attorney's response starts and the non-privileged email message's text stops.

the producing party's burden but allows the other litigants to appropriately challenge a claim of privilege. Specifically, Defendants asked for a supplemented privilege log that discloses all recipients involved in each e-mail chain, not just those in the most recent message in the chain.

## I.   Legal Discussion

There are several cases which discuss the issue posed by Plaintiff's request for clarification, the most illuminating of which is Judge Pallmeyer's decision in Muro v. Target Corp., 250 F.R.D. 350 (N.D. Ill. 2007). Judge Pallmeyer's opinion overruled a decision of the Magistrate Judge which required the parties to detail, for each privilege log entry that constituted an email string, all previous email messages contained in the email string. Id. at 363. Using an example provided by the Magistrate Judge, he required a privilege log entry entitled "Email string sent August 12, 2004 at 8:22 AM" to be supplemented to list and describe the additional four email message records contained in this string, from August 11, August 8, August 3, and August 2.[2] Muro v. Target Corp., 243 F.R.D. 301, 307 (N.D. Ill. 2007). As noted by Judge Pallmeyer in overruling the Magistrate Judge, this disclosure could be a breach of attorney-client privilege because the act of itemization might force parties, by disclosing what was sent to the attorney, also to disclose the nature of the privileged information.[3] Muro, 250 F.R.D. at 363.

Judge Pallmeyer supports her decision by reviewing some cases and holding, based on a

---

[2]As noted by Magistrate Judge Brown, the August 5 and 11 email records did not contain privileged communication and had not been separately logged. The August 3 email did contain privileged communication and was separately logged. The August 2 email also contained privileged communication but had not been separately logged. Muro, 243 F.R.D. 301, 307 (N.D. Ill. 2007).

[3]See generally Paul R. Rice, Attorney Client Privilege in the United States § 11:6.1 (2d ed. 2008) (providing a general discussion of this issue and citing cases).

-3-

sound interpretation of Upjohn Co. v. United States, 449 U.S. 383 (1981), that even though one email is not privileged, a subsequent and privileged email which forwards that prior non-privileged email, will allow the privilege to attach to the entire email chain, including the non-privileged prior email message.  Id. at 363.  Muro holds that the forwarded material is similar to prior conversations or documents that are quoted verbatim in a letter from the client to the client's attorney.  Id.  Judge Pallmeyer notes that under these circumstances, a party can therefore legitimately withhold an email chain forwarding prior materials to counsel, although disclosing those prior materials separately.  Id.; accord Barton v. Zimmer, 2008 WL 80647 (N.D. Ind. 2008) ("As applied to emails, this means that even though one email is not privileged, a second email forwarding the prior email to counsel might be privileged in its entirety.").

Even though Judge Pallmeyer rejected the Magistrate's Order to log every message contained within an e-mail string sent to an attorney, her approach does require that each version of an email string (i.e. a forward or reply of a previous email message) must be considered as a separate, unique document.[4]  See Muro, 250 F.R.D. at 363.  Based on this approach, each message of the string which is privileged must be separately logged in order to claim privilege in that particular document.  Accord  Baxter Healthcare Corp. v. Fresenius Med. Care Holding, Inc., 2008 WL 4547190 (N.D. Cal. 2008) ("Each email is a separate communication, for which a privilege may or may not be applicable.  Defendants cannot justify aggregating authors and recipients for all emails in a string and then claiming privilege for the aggregated emails."); Paul

---

[4]For example, an email string consisting of four email messages would have four distinct versions: (1) the most recent version consisting of Email 4 (most recent), Email 3, Email 2, and Email 1 (original email), (2) a prior version consisting of Email 3, Email 2, and Email 1, (3) a prior version consisting of Email 2 and Email 1, and (4) the original Email 1.  Additionally there could be other email strings consisting of some or all of Emails 1-4.

R. Rice, <u>Attorney Client Privilege in the United States</u> § 11:6.1 (2d ed. 2008) ("[E]ach email message should be separately described in the privilege log, and each separate message must stand on its own").

## II.    <u>Clarification of Order</u>

After reviewing these authorities and recognizing that this is an issue which is frequently discussed in continuing legal education seminars and among lawyers attempting to deal with electronic discovery issues, I have some hesitancy in adopting a broad, black-letter rule.

A situation may arise where a number of email messages, by themselves not privileged, but eventually sent to an attorney for the purpose of securing legal advice, become privileged. If they are not produced, they must be logged individually in order to claim the privilege, but they do not have to be detailed in the log entry describing the email message sent to the attorney.[5]

---

[5]An email string may be analogous to a meeting that takes place in a conference room between attorney and client for the purpose of seeking legal advice. The facts discussed at the meeting must be disclosed in discovery, but the communications that take place at the meeting are privileged. As a result of the meeting, if the client prepares a letter to the attorney summarizing those communications, both the discussions at the meeting and the letter itself are clearly privileged.

In the world of electronic communications, a series of email messages, among people employed by the client but working in different locations, can replace the meeting and subsequent letter. Some of the communications may not include copies to the attorney, but after the exchange of email messages among the client's employees, all contained within one email string, the last and most recent email, attaching all the prior emails, is then sent to the attorney with a request for legal advice based on the underlying email messages.

If the purpose of the email string was to gather facts and communicate those facts to the attorney for legal advice, then a good argument exists that the email communications served the functional equivalent of a face-to-face meeting, and although the facts contained in the emails are discoverable, all of the messages, not only the compilation of messages sent to the attorney, are privileged. If that is the case, all of the separate email messages must be disclosed under Rule 26(b)(5), which is usually done by a privilege log. However, the client's log need not disclose that all of these emails were forwarded to the attorney. But see <u>In re Universal Serv. Fund Tel.</u>

On the other hand, if the email messages are part of routine business affairs, and not for the purpose of securing legal advice, then the underlying emails would be discoverable.  If a party asserts that, because they are eventually sent to the attorney, the messages become privileged, then each must be entered on the privilege log.

As an over-arching matter, it is important to recognize in this entire discussion the distinction between "facts" and "communications" because a party with an obligation to provide discovery must always be sure it has disclosed the facts, since it is only the communications with counsel that are privileged.  See Rhone-Poulenc Rorer Inc. v. Home Indem. Co., 32 F.3d 851, 862 (3d Cir. 1994) (citing Upjohn Co., 449 U.S. at 395-96).

Turning to our current situation, as to privileged material not logged as of June 30, 2008, the material must be produced as a sanction for the long delay of non-disclosure per this Court's Order of November 14, clarified as follows:

### A.     Category One

Category One consists of email strings containing some email messages that were listed on prior privilege logs but where the most recent, top email was not logged as of June 30, 2008. Even though the top email message may be privileged, it now must be produced to the Defendants as a sanction for failure to log.  However, the underlying messages in the email string that constitute privileged communications and were logged by June 30, 2008, need not be produced and therefore those portions (and only those portions) previously logged can be

---

Billing Practices Litig., 232 F.R.D. 669, 673 (D. Kan. 2005) (noting that an email string differs from the minutes of a meeting or conversation transcript since it may span several days, certain individuals may only be included in portions of the string, and certain messages within the string may contain privileged legal advice while other messages may be factual and non-privileged).

redacted in the production of the e-mail string.[6] Consistent with Muro, the privilege log entry for that particular string need not disclose a description of the messages underlying an email string that were sent to an attorney for the purpose of seeking legal advice.

### B. Category Two

As to Category Two, where the most recent version of an email string was logged by referencing the top email message, Plaintiff has sufficiently protected the privilege. However, Plaintiff had an obligation to log separately all of the prior messages in the email string, and any of these prior messages not logged as of June 30, 2008, must be produced to Defendants. Applying Muro, Plaintiff need not disclose that the underlying messages were part of an email string subsequently forwarded to counsel.

O:\CIVIL 07-08\07-4756 Rhoads v. GAF\Rhoads v. GAF - memo clarify 11-14-08 Order Privilege Logs.wpd

---

[6]Copies of email messages previously logged that appear in email strings are only protected to the extent that they are identical replicas of the version of the message that was logged. To the extent that the message has been altered in any way, that message will no longer be considered a privilege-logged document, and it must be produced as an appropriate sanction.